UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BYRON HUBBARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-02692-JRS-TAB |
| ) | |
| ANDREW BEGUHN, et al. ) | |
| ) | |
| Defendants. ) | |

**Order Granting Corizon Defendants' Motion for Summary Judgment**

Plaintiff Byron Hubbard, a former inmate of the Indiana Department of Correction ("IDOC") at the New Castle Correctional Facility, brings this lawsuit alleging a number of claims based on his contention that he did not receive accommodations for his disabilities or appropriate medical treatment. Defendants Corizon Correctional Healthcare, Jennifer Harmon-Nary, and Lara McNew (the "Corizon Defendants") seek summary judgment on Mr. Hubbard's claims asserting that he failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act. Mr. Hubbard was given multiple extensions of time to respond to the motion, but he has failed to do so. For the following reasons, the motion for summary judgment is granted.

**I. Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable substantive law." *Dawson v. Brown*, 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609-10 (7th

Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court views the facts in the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *See Barbera v. Pearson Education, Inc.*, 906 F.3d 621, 628 (7th Cir. 2018).

Mr. Hubbard failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285-286 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts). This does not alter the summary judgment standard, but it does "reduce the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Statement of Facts

During the times relevant to his complaint, Mr. Hubbard was an inmate incarcerated at the New Castle Correctional Facility. Dkt. 1, p. 8, ¶ 1. All inmates are made aware of the Offender Grievance Process during orientation and a copy of the Grievance Process is available in various locations within the prisons, including the law library. Dkt. 140-1 ¶ 7. The purpose of the Grievance Process is to provide administrative means by which inmates may resolve concerns and complaints related to their conditions of confinement. *Id.*

A. *The Grievance Process*

Under the Grievance Process, an inmate can grieve actions of individual staff, including claims that medical staff were deliberately indifferent to his medical and mental health needs. *Id.* ¶ 8. The Grievance Process consists of three steps. Dkt. 140-2 p. 3. First, an inmate is required to attempt to resolve a complaint informally by submitting an informal complaint resolution form to an appropriate staff member. Dkt. 140-1 ¶ 9; dkt. 140-2 p. 13. Next, if the inmate has been unable to resolve the issue informally, he must submit an "Offender Grievance" form no later than twenty business days from the date of the incident giving rise to the complaint or concern to the Offender Grievance Specialist. Dkt. 140-1 ¶¶ 10-13; Dkt. 140-2 p. 16-17. Third, if the inmate is dissatisfied with the formal grievance response he can appeal to the Department Offender Grievance Manager. Dkt. 140-1, ¶ 14; Dkt. 140-2 p. 20.

B. *Mr. Hubbard's Grievance Regarding the Corizon Defendants' Care*

Mr. Hubbard's claims in this action against the Corizon Defendants relate to his contention that they withheld prescription medications in March 2017. Dkt. 1 ¶¶ 14-15, 27, 29, 30-31. Specifically, Mr. Hubbard alleges that Corizon Defendants withheld his psychotropic and pain medications from March 14, 2017 to March 19, 2017. *Id.* At that time, Corizon Health, Inc. ("Corizon") was the company that contracted with the IDOC to provide medical care to Indiana prisoners through March 31, 2017. Dkt. 140-1 ¶ 20. After March 31, 2017, Corizon ceased to provide medical services to the IDOC, and Wexford of Indiana, LLC ("Wexford") became the new medical service provider for Indiana prisoners. *Id.*

Mr. Hubbard filed no grievances for any medical or mental health issues related to his care from March 2017 (the date of Corizon Defendants' last action) through at least June 2017. Dkt. 140-1 ¶¶ 21-24; dkt. 140-3 p. 1. On June 10 and 13, 2017, Mr. Hubbard submitted an Offender

3

Grievance alleging that his Prednisone (for his pain) and Flomax (for his urinary issues) prescriptions were delayed by Wexford in June 2017. Dkt. 140-1 ¶ 23; Dkt. 140-4. It was assigned case number 97269 and denied. *Id*. Mr. Hubbard filed an appeal to the Warden's Office, and his appeal was also denied. *Id*.

### III. Discussion

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Thus, "to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 39, 397 (7th Cir. 2004). It is the defendants' burden to establish that the administrative process was available to Mr. Hubbard. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

The Corizon defendants argue that Mr. Hubbard failed to exhaust his available administrative remedies regarding his claims against them because he did not file any informal grievance, formal grievance, or grievance appeal regarding care he received from the Corizon Defendants during the time period that Corizon was responsible for his medical care.[1] Having failed to respond to the motion for summary judgment, Mr. Hubbard has failed to dispute these facts. It is therefore undisputed that Mr. Hubbard failed to exhaust his available administrative remedies against the Corizon Defendants, and they are entitled to summary judgment.

## IV. Conclusion

For the foregoing reasons, the Corizon Defendants' motion for summary judgment, dkt. [139], is **granted**. The claims against these defendants are **dismissed without prejudice**. The **clerk shall terminate** Corizon, Jennifer Harmon-Nary, and Lara McNew as defendants on the docket. No partial final judgment shall issue as to the claims resolved in this Order.

**IT IS SO ORDERED.**

Date: 4/20/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Byron Hubbard
520 East Market Street
Indianapolis, IN 46204

All Electronically Registered Counsel

---

[1] The Court notes that while defendants Harmon-Nary and McNew may have continued to provide Mr. Hubbard with medical care after Corizon's contract with the IDOC ended, the only claims against these defendants are that they denied him medication in March of 2017. See dkt. 1, dkt. 11.